IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VALIANT GREEN,

                Plaintiff,

    v.

DAVID G. BETH, BRAD HEILET,
DAVE LIANEU, JANE AND/OR JOHN
DOE NURSING STAFF and
JOHN DOE FOOD VENDOR/DISTRIBUTOR,

                Defendants.

ORDER

15-cv-540-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Valiant Green has filed a timely motion under Fed. R. Civ. P. 59(e) for reconsideration of this court's January 20, 2016 order in which I dismissed the case after concluding that plaintiff's federal claims failed to state a claim upon which relief may be granted. Dkt. #19. (In accordance with 28 U.S.C. § 1367(c)(3), I declined to exercise supplemental jurisdiction over plaintiff's state law claims.) With respect to plaintiff's claim that he bit a rock in his food because David Beth (the sheriff), Brad Heilet (a lieutenant) and Dave Lianeu (the kitchen manager) failed to properly screen the food, I concluded that plaintiff had not adequately alleged that defendants had notice of a substantial risk that he would be seriously harmed by problems with the food. With respect to his claim that unknown nurses had unnecessarily delayed his treatment for harm to his teeth, I concluded that plaintiff did not explain adequately why he believed that nursing staff was responsible

1

for the delays in initially being examined and then in being referred to a dentist. In addition, plaintiff failed to provide enough information to identify the culpable members of the nursing staff.

Plaintiff seeks reconsideration of the dismissal of all of his federal claims. With respect to the claim regarding the alleged failure to screen food, plaintiff says that prison officials must have been aware of a problem because his injury was "the result of a systemic and ongoing problem." Dkt. #21 at 4. However, that allegation is nothing more than a conclusion, which I may not accept as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); McCauley v. City of Chicago, 671 F.3d 611, 617-18 (7th Cir. 2011).

In his complaint, plaintiff identified only two or three incidents in which other prisoners found foreign objects in their food and he did not identify any reason to believe that there were more than that. In the screening order, I cited various cases to support the view that a small number of incidents is not sufficient under the Constitution to provide notice of a substantial risk of serious harm. Dkt. #19 at 5-6. Because plaintiff adds no new information in his motion for reconsideration and he cites no contrary authority, I see no reason to reconsider the dismissal of this claim.

Plaintiff's claim regarding delays in dental care had two parts. First, plaintiff alleged that unidentified nursing staff refused to see him for several days. Second, plaintiff alleged that, after examining him, unidentified nursing staff delayed his visit to see the dentist for approximately one month. Plaintiff says nothing about that second claim in his motion for reconsideration, so I need not consider it. With respect to his claim that unidentified nurses

2

waited several days to examine him, plaintiff says that I should allow him to conduct discovery so that he can learn more about his claim. However, I explained to plaintiff in the January 20 order that I did not see how discovery could help him:

> Even with discovery, it is not clear how plaintiff would be able to identify the unknown defendants. Because plaintiff has so little information about the staff members allegedly involved and he does not allege that he submitted any written health service requests to the nurses, he would have to conduct a deposition of every security and nursing staff member who worked at the detention center at the relevant time to determine whether they had an independent recollection of making or receiving a complaint regarding the incident in this case. Even then, it seems quite possible that staff would not remember the incident. Under these circumstances, I decline to allow plaintiff to proceed on this claim. Although federal pleading rules are liberal, they do not allow a plaintiff to go on a fishing expedition without some basis for inferring that he may be able to prove his claim. In re Text Messaging Antitrust Litigation, 630 F.3d 622, 629 (7th Cir. 2010) ("The fact that the allegations undergirding a claim could be true is no longer enough to save a complaint from being dismissed; the complaint must establish a nonnegligible probability that the claim is valid."); In re marchFIRST Inc., 589 F.3d 901, 905 (7th Cir. 2009) (plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level").

Dkt. #19 at 9-10. Plaintiff does not identify any solutions to this problem in his motion for reconsideration. He requests recruitment of counsel, but I do not see how counsel could make a difference. The problem is not simply that plaintiff has limited resources and legal knowledge; the bigger problem is that discovery is unlikely to generate helpful information regardless who conducts it.

Plaintiff cites cases such as Duncan v. Duckworth, 644 F.2d 653 (7th Cir. 1981), and Billman v. Indiana Dept. of Corrections, 56 F.3d 785 (7th Cir. 1995), for the proposition that courts must assist prisoners who are unable to identify a potential defendant. This is true, but the court's obligation is not boundless, as I explained to plaintiff in the January 20

3

order. Plaintiff still has a duty to conduct a reasonable inquiry before filing his lawsuit. "A plaintiff [suing 'John Doe' defendants] must not only allege that the defendant is unknown, but also provide, or attempt to provide, an adequate description or other known information so that service of process can at least be attempted. . . . The court will not permit use of the 'Doe' designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful neglect or lack of reasonable inquiry." 2 Moore's Federal Practice § 10.02[2][d][I] (3d ed. 2015). Plaintiff says that he cannot be blamed for not knowing the names of the nurses, but he does not explain why he failed to file a written health service request (which would have generated a written response from the nurses) or why he cannot identify the names or even the physical descriptions of the officers who allegedly tried unsuccessfully to get him an appointment with a nurse. Again, because plaintiff has so little information about his own claim, I am not aware of any way that the court could provide assistance to him.

Finally, in the event that the court denies his motion, plaintiff asks for a dismissal without prejudice so that he can continue investigating his claim on his own. Because plaintiff has failed to state a claim upon which relief may be granted, I do not have discretion to dismiss his federal claims without prejudice. However, if plaintiff discovers more information within a reasonable time, he is free to ask the court reopen the case.

4

ORDER

IT IS ORDERED that plaintiff Valiant Green's motion for reconsideration, dkt. #21, is DENIED.

Entered this 1st day of March, 2016.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5

Case 2:17-cv-00155-WED   Filed 03/01/16   Page 5 of 5   Document 22