# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VALIANT GREEN,**

        **Plaintiff,**

   **v.**                                                   **Case No. 17-CV-155**

**DAVID G. BETH,** *et al.*,

        **Defendants.**

# ORDER

Plaintiff Valiant Green filed an action under 42 U.S.C. § 1983, alleging that he damaged his tooth at the Kenosha County Detention Center when he bit down on a rock in his food. (ECF No. 18.) On September 31, 2016, Judge Barbara Crabb screened the amended complaint and allowed Green to proceed with the following claims: "(1) defendants David Beth, Brad Heilet and Dave Lianeu failed to properly screen the food at the Kenosha County Detention Center or otherwise take steps to protect prisoners from unsafe food, in violation of the Eighth Amendment and Wisconsin common law negligence; (2) an unknown food vendor or distributor failed to prepare or screen the food properly, in violation of Wisconsin common law negligence; and (3) an unknown nurse or nurses refused to provide treatment to plaintiff for several days after he

damaged his teeth, in violation of the Eighth Amendment and the Wisconsin common law of negligence." (ECF No. 36 at 3.)

This matter comes before the court on defendants' Motion to Compel Endorsement of Medical Authorizations and to Extend Discovery Deadline. (ECF No. 65.) Defendants ask for an order compelling Green to sign medical authorizations for his *full* medical files from Whittier Clinic, Hennepin County Mental Health Center, Weiss Memorial Hospital, Touchstone Mental Health, and Dodge Correctional Institution. (ECF No. 66 at 5.) Green has signed a medical authorization allowing defendants to access his dental records but has refused access to his mental health records. (*Id*. at 2.)

A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted). The parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The information sought need not itself be admissible as long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Defendants assert that Green's mental health records are relevant for two reasons: (1) Green has placed his mental/emotional state at issue in the case by alleging "mental anguish" and "emotional distress," and (2) Green's mental health records are necessary to establish a defense that Green's mouth pain and sleepless nights were

2

caused by something other than failure to provide medical care for his damaged teeth. (ECF No. 66 at 4.) Defendants appear to imply that Green may have some sort of pre-existing mental condition that causes sleeplessness and delusions about bodily pain. (*Id*.)

Green has clarified that he will not be pursuing a claim for mental and emotional distress nor will he call a psychological expert at trial to establish injuries. (ECF No. 78 at 1-2, 4). As a result, Green's mental health is not at issue in this case. *See Estate of DiPiazza v. City of Madison*, No. 16-CV-060-WMC, 2017 WL 1828920, at *2 (W.D. Wis. May 5, 2017)(a plaintiff places his mental health at issue when he alleges any claim for emotional distress or relies on expert medical testimony to prove emotional damages). A plaintiff may withdraw his request for damages related to mental and emotional distress if he does not want to disclose his mental health records to defendants. *See Marley v. Willett*, No. 16-CV-609-BBC, 2017 WL 2656278, at *1 (W.D. Wis. June 20, 2017)

To the extent the defendants seek to compel the endorsement of medical authorizations so that they can establish a defense that Green's mouth pain and sleepless nights were caused by something other than a failure to provide medical care for his damaged teeth, the defendants do not provide a factual basis for asserting that Green had a pre-existing mental health problem. "Discovery is not intended to be a fishing expedition." *See Higgason v. Lemmon*, 6 F. App'x 433, 436 (7th Cir. 2001). Therefore, the court will deny defendants' motion to compel medical authorizations.

Defendants also ask the court to extend the discovery deadline so that they can review and investigate the mental health records discussed above. (ECF No. 66 at 5.) Because the court denied defendants' motion to compel the endorsement of medical authorizations for Green's mental health records, it will also deny their motion for extension of time to review and investigate those records. Defendants already have access to Green's dental records. There is no good reason to extend the discovery deadline or disrupt the current scheduling order. *See* Fed. R. Civ. P. 6(b)(1)(A).

**IT IS THEREFORE ORDERED** that the defendants' motion to compel medical authorizations and motion to extend scheduling order (ECF No. 65) is **DENIED**.

**IT IS ALSO ORDERED** that counsel for plaintiff should notify the court as to whether he intends to withdraw and/or refile his motion to exclude disclosure of mental health and medical records (ECF No. 68) and his motion to add notice of injury claim (ECF No. 72).

Dated at Milwaukee, Wisconsin this 8th day of December, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge