# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VALIENT GREEN,

          **Plaintiff,**

    v.                                         Case No. 17-CV-155

DAVID BETH, *et al.*,

          **Defendants.**

## ORDER

In August 2015 plaintiff Valient Green filed a civil rights complaint in the United States District Court for the Western District of Wisconsin. (*See* ECF No. 1.) District Judge Barbara Crabb screened the amended complaint (ECF No. 18) and allowed Green to proceed with the following claims: "(1) defendants David Beth, Brad Heilet and Dave Lienau failed to properly screen the food at the Kenosha County Detention Center or otherwise take steps to protect prisoners from unsafe food, in violation of the Eighth Amendment and Wisconsin common law negligence; (2) an unknown food vendor or distributor failed to prepare or screen the food properly, in violation of Wisconsin common law negligence; and (3) an unknown nurse or nurses refused to provide treatment to plaintiff for several days after he damaged his teeth, in violation of the Eighth Amendment and the Wisconsin common law of negligence." (ECF No. 36 at 3.)

On November 1, 2016, the Clerk of Court in the Western District of Wisconsin issued a summons as to Beth, Heilet, and Lienau. (ECF No. 38.) Beth and Lienau filed an answer to the amended complaint on November 29, 2016, along with a motion to transfer venue to the Eastern District of Wisconsin. (ECF Nos. 40, 41.) Heilet did not answer. Judge Crabb granted the motion to transfer venue on February 1, 2017, and the case was assigned to this court. (ECF Nos. 53, 54.) The parties consented to magistrate judge jurisdiction on March 30, 2017.

About two weeks later, on April 11, 2017, this court entered a scheduling order instructing Green to file amended pleadings to identify "Jane and/or John Doe Nursing Staff" and "John Doe Food Vendor/Distributor," on or before June 12, 2017. (ECF No. 62.) The court warned Green that failure to identify the parties on or before that date would result in dismissal of those parties. (*Id.*).

The court subsequently appointed *pro bono* counsel for Green and extended the deadline to file amended pleadings to October 10, 2017. (ECF Nos. 73, 77.) Green did not identify the John and/or Jane Doe parties by that date, stating in a brief filed that day (responding to a motion to compel) that "no amendment to Mr. Green's amended complaint needs to be made at this time, and he will proceed accordingly." (ECF No. 78 at 4.) Accordingly, the court will dismiss "Jane and/or John Doe Nursing Staff" and "John Doe Food Vendor/Distributor" from the case.

On February 20, 2018, defendants Beth and Lienau filed a motion for summary judgment. (ECF No. 84.) As a part of that motion, Beth and Lienau ask the court to dismiss Heilet from the case based on Green's failure to serve and/or prosecute the case against him. (ECF No. 85 at 7.) Green appears to oppose this request but still has not attempted to serve and/or seek default judgment against Heilet. (ECF No. 92 at 1-2.) Given that Green has taken no steps toward prosecuting the case against Heilet, no good reason exists for keeping him in the case. Therefore, the court will dismiss Heilet from the case for lack of diligent prosecution. *See* Civ. L. R. 41(c).

## RELEVANT FACTS

Between May 24, 2014, and May 8, 2015, Green was an inmate at the Kenosha County Detention Center (KCDC). (ECF No. 86, ¶ 1.) Defendant David Beth was Sheriff of Kenosha County and defendant David Lienau was Kitchen Manager at KCDC. (ECF No. 96, ¶¶ 10-11.)

On September 12, 2014, KCDC "kitchen staff" provided Green with a meal consisting of rice, beans, and sausage. (ECF No. 96, ¶ 13.) Green bit into a rock that was hidden in the food, which caused a chip in his tooth, bleeding in his gums, and substantial pain. (*Id.*, ¶¶ 13-14.)

At his deposition Green testified that at least three other inmates (Charles Fisher, Paul Lehman, and an "unknown inmate") have found foreign objects in their food at KCDC. (ECF No. 96, ¶ 29; *see also* ECF No. 86, ¶¶ 19-34.) According to Green, Fischer

found a rock in this food; Lehman found an unidentified foreign object in his food; and an unknown inmate found a plastic utensil in his food. (ECF No. 86, ¶¶ 20, 28, 30.) However, Green did not personally observe the object that Fisher allegedly bit down on. (ECF No. 86, ¶ 21.) Nor did Green personally observe the alleged incident involving Lehman. (*Id.*, ¶ 26.) Beth and Lienau both state that they were not informed of nor were they aware of the incidents involving Green, Fisher, Lehman, or the unknown inmate prior to this lawsuit. (ECF No. 86, ¶¶ 35-38.)

Lienau, the kitchen manager, provides a detailed description of the food delivery and preparation process at KCDC. (ECF No. 86, ¶¶ 39-52.) According to Lienau, after a food distributor delivers items to the institution, KCDC requires immediate physical inspection of all food containers and packages. (*Id.*, ¶ 40.) Damaged, opened, or "otherwise questionable" items are rejected and sent back to the distributor. (*Id.*) Once inspected, food is stored in a clean and temperature appropriate area that is locked, routinely inspected, and monitored by surveillance cameras. (*Id.*, ¶41.) The Kenosha County Division of Health, Environmental Health Section inspected the KCDC kitchen in March 2014 and concluded that the food was obtained from an "approved" source, was in good condition, and was separated and protected. (*Id.*, ¶¶ 46-47; *see also* ECF No. 89-4.)

In 2014 KCDC purchased beans called "PREMIUM QUALITY TRIPLE CLEANED PINTO BEANS." (ECF No. 86, ¶ 43.) The beans are washed and inspected at

4

KCDC before being prepared and served to inmates. (*Id.* ¶ 45.) KCDC only allows "civilian cooks" (individuals who are employed by the jail) to cook food. (*Id.*, ¶ 42.) "Inmate helpers" assist with prep-work, cleaning, and placing food trays though the assembly line. (*Id.*, ¶¶ 42, 50.) Inmate helpers are monitored by surveillance cameras and supervised by a minimum of two civilian cooks at all times while in the kitchen. (*Id.*, ¶ 42.) Civilian cooks stand at the end of the assembly line and inspect all completed trays for contaminates and/or foreign objects before they are served to the inmates. (*Id.*, ¶ 51.) Correctional officers then monitor inmates while in the dining hall. (*Id.*, ¶ 52.)

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

A party asserting that a fact is genuinely disputed, or not disputed, must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

5

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

To prevail with a claim under 42 U.S.C. § 1983 a plaintiff must establish that 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). Under the Fourteenth Amendment, inmates must be provided with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citation omitted); *see also Smith v. Dart*, 803 F.3d 304, 309-310 (7th Cir. 2015) (concluding that courts use the same legal standard when analyzing conditions-of-confinement claims under the Fourteenth Amendment as they use under the Eighth Amendment).

### a. Individual Capacity Claims against Beth and Lienau

Individual liability under § 1983 is based on a defendant's personal involvement in the constitutional deprivation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal responsibility requirement of section 1983…if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Id*. (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Green's only factual allegation against Beth is that he is the Sheriff of Kenosha County and "directs and is responsible for" KCDC. (ECF No. 94, ¶ 10.) Similarly, Green's only factual allegation against Lienau is that he is the Kitchen Manager and "directs and supervises the kitchen and dining area at KCDC." (*Id*., ¶ 11.) Green has submitted no evidence that either Beth or Lienau was aware of the incidents involving Green or the other inmates, nor has he submitted any evidence that either of them acted with deliberate indifference to their health and safety.

The doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Indeed, section 1983 does not create collective or vicarious responsibility. *Id.* Therefore, Green cannot proceed past summary judgment based on individual capacity claims against Beth and Lienau.

### b. Official Capacity Claims against Beth and Lienau

"In order to survive summary judgment on a § 1983 official-capacity claim, the plaintiff must present evidence demonstrating the existence of an 'official policy, widespread custom, or deliberate act of a county decision-maker of the municipality or department.'" *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). The plaintiff must show that "the official policy or custom was the cause of the alleged constitutional violation—the 'moving force' behind it." *Id*. (internal citations omitted).

Unconstitutional policies or customs can take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) the constitutional injury was caused by a person with final policy-making authority. See *Palmer v. Marion County*, 327 F.3d 588, 594-95 (7th Cir. 2003).

Based on the evidence in the record, no reasonable jury could conclude that Beth or Lienau failed to implement procedures at KCDC to properly screen food and/or protect prisoners from unsafe food. Lienau provided a detailed description of the procedures in place at KCDC to screen and cook food. The procedures include: purchase of food from an approved vendor; physical examination of the food upon delivery and return of damaged goods; storage of the food in a locked and surveilled area; inspection of beans prior to cooking; supervision of "inmate helpers" at all times

while in the kitchen; and inspection of a completed food tray by civilian cooks at the end of the assembly line.

Green concedes that he does not know how the kitchen or food preparation area is organized at KCDC, *see* ECF No. 93-1 at 32:12-39:8, and he provides no explanation as to why he believes the procedures described by Lienau are constitutionally inadequate. Based on the evidence in the record, no reasonable jury could conclude that either Beth or Lienau failed to implement procedures at KCDC to properly screen food or to protect prisoners from unsafe food. Therefore, the court must grant defendants' motion for summary judgment and dismiss the case.[1]

## CONCLUSION

**WHEREFORE, IT IS HEREBY ORDERED** that Heilet, "Jane and/or John Doe Nursing Staff," and "John Doe Food Vendor/Distributor" are **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that defendants Beth's and Lienau's motion for summary judgment (ECF No. 84) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this decision to the Court of Appeals for the Seventh Circuit by filing in this court a

---

[1] Because Green cannot proceed past summary judgment on his federal claims, the court declines to take supplemental jurisdiction over his remaining Wisconsin common law negligence claim. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500–01 (7th Cir. 1999).

9

notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. The court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask the court to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

Parties are expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 10th day of August, 2018.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge