# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VALIANT GREEN,**

        **Plaintiff,**

v.         **Case No. 17-cv-155**

**DAVID G. BETH,** *et al.,*

        **Defendants.**

# ORDER

On August 10, 2018, the court granted the defendants' motion for summary judgment and dismissed this case. (ECF No. 97.) The defendants filed a Bill of Costs for $708.46, which the Clerk of Court entered on October 18, 2018. (ECF Nos. 99, 107.) On December 17, 2018, plaintiff Valiant Green filed a motion asking for "relief of the monies requested by the defendant." (ECF No. 108.) Green notes that he is indigent, and he implies that it was improper for the defendants to offer to waive the Bill of Costs if he did not seek an appeal. (*Id.*)

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs…should be allowed to the

prevailing party." Fed. R. Civ. P. 54(d)(1). "The [c]ourt presumes that a prevailing party is entitled to costs as a matter of course…but has the discretion to deny or reduce costs where warranted." *Cross v. Rogers*, No. 15-CV-620-JPG-RJD, 2018 WL 828138, at *1 (S.D. Ill. Feb. 12, 2018) (internal citations omitted). A court may consider a plaintiff's indigency under Rule 54(d), but this exception is a "narrow one." *See Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006).

Before a district court can waive, reduce, or deny the defendants' Bill of Costs, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Burke v. Burlington N. & Santa Fe Ry. Co.*, No. 12-1161, 2015 WL 5996378, at *2 (C.D. Ill. Oct. 14, 2015) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The losing party must provide the district court with "evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id*. (citing *Rivera*, 469 F.3d 635). The district court then considers "the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Id.* (citing *Rivera*, 469 F.3d 636).

The court will not waive, reduce, or deny the defendants' Bill of Costs. First, Green does not provide the court with an affidavit or documentary evidence of his income, assets, or expenses. Green is no longer incarcerated and very well may have sufficient income, assets, and expenses to pay the court-imposed costs.

Second, the defendants offered to waive the Bill of Costs if Green did not seek an appeal. Such offers are standard in litigation negotiation, and there was nothing improper about this offer. Green chose to forego the defendant's offer and filed an appeal on August 31, 2018. (*See* ECF No. 105). Given Green's decision to forego the defendants' offer, the court declines to now scrutinize the defendants' costs.

Finally, the defendants prevailed on their motion for summary judgment because Green failed to serve one defendant, failed to identify two Doe defendants, and had no personal knowledge regarding the claims he made about the remaining defendants. (*See* ECF No. 97). Although Green's claim was not frivolous, the court cannot conclude that the "the closeness and difficulty of the issues raised by a case" warrant waiving, reducing, or denying the Bill of Costs. Accordingly, the court will deny Green's motion for order regarding Bill of Costs.

**NOW, THEREFORE, IT IS ORDERED** that Green's motion for order regarding Bill of Costs (ECF No. 108) is **DENIED**.

Dated at Milwaukee, Wisconsin this 5th day of April, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge